UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RONALD DEAN PUMPKINSEED, <br><br> Plaintiff, <br><br> vs. <br><br> PENNINGTON COUNTY JAIL, <br><br> Defendant. | CIV. 19-5030-JLV <br><br> ORDER |

**INTRODUCTION**

Plaintiff Ronald Dean Pumpkinseed is an inmate at the Pennington County Jail in Rapid City, South Dakota. Plaintiff filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dockets 1 & 2). The court grants plaintiff leave to proceed *in forma pauperis* but dismisses his complaint.

I.     *In Forma Pauperis* **Status**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time

under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir.

1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is

calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20

percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or
(B)    the average monthly balance in the prisoner's account for the 6-
       month period immediately preceding the filing of the complaint or
       notice of appeal.

Plaintiff reported average monthly deposits to his prisoner trust account of

$15.17 and an average monthly balance of $.35. (Docket 5). Based on this

information, the court grants plaintiff leave to proceed *in forma pauperis*

provided he pays an initial partial filing fee of $3.03, which is 20 percent of

$15.17. Plaintiff must pay this initial partial filing fee by October 11, 2019.

In addition to the initial partial filing fee, plaintiff must "make monthly

payments of 20 percent of the preceding month's income credited to the

prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on

the prisoner's institution to collect the additional monthly payments and

forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be
> required to make monthly payments of 20 percent of the preceding
> month's income credited to the prisoner's account. The agency having
> custody of the prisoner shall forward payments from the prisoner's
> account to the clerk of the court each time the amount in the account
> exceeds $10 until the filing fees are paid.

2

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments will be collected pursuant to this procedure.

The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.      Prisoner Complaint Screening

### A.      Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Plaintiff is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

### B.    Analysis

Plaintiff names the Pennington County Jail as the defendant in this case. "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Because plaintiff cannot sue the Pennington County Jail, the court must dismiss his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted. Plaintiff shall pay the initial partial payment of $3.03 by

**October 11, 2019**, to the Clerk of Court for the United States District Court for the District of South Dakota.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of plaintiff shall, whenever the amount in his inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court for the District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that the Clerk of Court is directed to set a *pro se* case management deadline in this case using the following text: October 11, 2019: initial partial filing fee payment due.

IT IS FURTHER ORDERED that, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Dated September 10, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE